IN THE SUPREME COURT OF THE STATE OF DELAWARE

THOMAS WHALEY,                      §
                                    §
    Defendant Below,                §   No. 492, 2017
    Appellant,                      §
                                    §   Court Below—Superior Court
    v.                              §   of the State of Delaware
                                    §
STATE OF DELAWARE,                  §   Cr. ID No. 1411016461A (S)
                                    §
    Plaintiff Below,                §
    Appellee.                       §

Submitted:   January 24, 2018
Decided:     February 26, 2018

Before **STRINE**, Chief Justice; **VALIHURA** and **SEITZ**, Justices.

## **O R D E R**

The appellant's opening brief, the appellee's motion to affirm, and the record below reflect that:

(1)    The appellant, Thomas Whaley, filed this appeal from the Superior Court's denial of his motion for correction of an illegal sentence. The State of Delaware has filed a motion to affirm the Superior Court's judgment on the ground that it is clear on the face of Whaley's opening brief that his appeal is without merit. We agree and affirm.

(2)    On January 8, 2016, Whaley pled guilty to one count of Disregarding an Officer's Signal and Attempted Criminal Trespass in the First Degree. The Superior Court sentenced Whaley as follows: (i) for Disregarding an Officer's

Signal, thirty days of Level V incarceration, with credit for thirteen days previously served; and (ii) for Attempted Criminal Trespass in the First Degree, one year of Level V incarceration, suspended for one year of Level II probation. Whaley did not appeal the Superior Court's judgment.

(3) In March 2016, Whaley was charged with his first VOP. On April 8, 2016, the Superior Court found that Whaley had violated his probation. The Superior Court sentenced Whaley to one year of Level V incarceration, with credit for fifteen days previously served, suspended for one year of Level III probation for Attempted Criminal Trespass in the First Degree. In June 2016, a capias was issued for another VOP by Whaley. The capias was returned in May 2017. On May 25, 2017, the Superior Court found that Whaley had violated his probation and sentenced him, effective May 25, 2017, to eleven months of Level V incarceration, suspended for six months at the Level IV VOP Center.

(4) In September 2017, Whaley was charged with a third VOP based on his failure to comply with the rules and regulations of the Sussex VOP Center. The charges arose from a fight with another inmate. On October 6, 2017, the Superior Court found that Whaley had violated his probation. The Superior Court sentenced Whaley, effective October 6, 2017, to six months of Level V incarceration.

2

(5)     On October 30, 2017, Whaley filed a motion for correction of illegal sentence.  The Superior found the motion without merit and denied it.  This appeal followed.

(6)     In his opening brief, Whaley argues, as he did below, that his VOP sentence violated statutory limitations and sentencing guidelines.  We review the Superior Court's denial of a motion for correction of sentence for abuse of discretion, although questions of law are reviewed *de novo*.[1]  A sentence is illegal if it exceeds the statutory limits, violates double jeopardy, is ambiguous or internally contradictory, omits a term required to be imposed by statute, or is not authorized by the judgment of conviction.[2]  Whaley's VOP sentence is not illegal.

(7)     Once Whaley committed a VOP, the Superior Court could impose any period of incarceration up to and including the balance of the Level V time remaining on his sentence.[3]  Whaley was sentenced to eleven months of Level V incarceration, suspended for six months of Level IV VOP Center for his second VOP on May 25, 2017.  At the time Whaley was sentenced for his third VOP on October 6, 2017, he had served less than five months of the eleven months imposed on May 25, 2017.[4]  The six-month Level V sentence imposed on October 6, 2017

---

[1] *Weber v. State*, 2015 WL 2329160, at *1 (Del. May 12, 2015).
[2] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998).
[3] 11 *Del. C.* § 4334(c); *Pavulak v. State*, 880 A.2d 1044, 1046 (Del. 2005).
[4] The time Whaley spent at the Level IV VOP Center entitled him to Level V credit against his sentence.  *Spencer v. State*, 2014 WL 1258301, at *2 (Del. Mar. 25, 2014).

did not exceed the Level V time remaining on Whaley's May 25, 2017 VOP sentence. As to Whaley's claim that his VOP sentence exceeded the Sentencing Accountability Commission's guidelines, "departure from the guidelines is not a basis to overturn a sentence within the statutory limits."[5]

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is granted and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ Leo E. Strine, Jr.

Chief Justice

---

[5] *Barrett v. State*, 2015 WL 4510717, at *2 (citing *Siple v. State*, 701 A.2d 79, 83 (Del. 1997)).